## MEIGGS vs. SCANNELL.

*Twelfth Judicial District Court, August,* 1857.

### REMITTITUR—REPLEVIN.

What is the effect of the words "judgment reversed and cause remanded," in a remittitur from the Supreme Court ?

The finding in the case of a verdict in replevin must recite the value of the property, and the amount of damages for detaining the same if the property be returned.

This action was instituted in October, 1856, to recover possession of the ship "Madonna," and damages for her detention, or the value of the vessel, being $6,000. The vessel was seized by the defendant as sheriff of San Francisco County, on an execution *inter alias*, and was claimed by this plaintiff. The cause was tried, and the court, without a jury, found that the plaintiff " was entitled to a recovery of the property." The cause was appealed ; the Supreme Court reversed and remanded the cause. The defendant then moved for judgment upon that remittitur.

*Whitcomb, Pringle & Felton,* for plaintiff.

*B. S. Brooks,* for defendant.

NORTON, J.—This is an action to recover possession of personal property. It was tried by the court without a jury, and a finding had, and a judgment thereon for the plaintiff, to wit : That they were entitled to a recovery of the property. Upon appeal this judgment was " reversed and cause remanded." The defendant now asks, on the remittitur, that a judgment be entered that the plaintiff return the property, or pay the defendant $12,000, " the sworn value." The plaintiffs say that there must be a new trial.

Where an action is tried by a jury, and a general verdict rendered, if the judgment is reversed and cause remanded, it will, in general, be necessary to have a new trial, and in any such case, it would be rather anomalous to have a record show a general verdict in favor of one party, and a judgment in favor of the other. In equity suits, under the old system, the evidence was before the same person who applied

the law, and in case of appeal was also before the appellate court. Under our system it may be different in some cases, but generally there will be no occasion for a new trial.   So, if a special verdict is found by a jury, or the action is tried by the court, and the facts are set forth in the finding, there will usually be no occasion for a new trial.   But when from inadvertence, or other cause, all the facts necessary to determine the rights of the parties as they shall stand after the law of the case is settled by the appellate court, and evinced by its opinion, are not found, it may be necessary to have a new trial.

In the present case there is no finding as to whether the property has been delivered to the plaintiff, nor does it appear by the pleadings, nor is there any finding of the value of the property, or any damages for the taking or detention.   The only conclusion that the appellate court could draw from the record before it was, that the property still remained with the defendant ; and that the only judgment necessary to give him his rights, was a judgment the reverse of the one given by the court below, namely, that the plaintiffs were not entitled to the recovery of the property.   The affidavit of the plaintiff as to the value of the property, might be evidence on the trial, but it is not a fact in the case.   Besides, the value to be paid is *probably* not the value at the time the property was taken, but the value at the time the property is to be delivered. The party has not a right to the value absolutely, but only in lieu of the property, if it cannot be found.   If the property has deteriorated in value since the taking, the remedy is by assessing damages.

I can find no authority in the opinion of the Supreme Court, or in the language of the remittitur, or in the facts as found on the trial, to give the defendant the judgment he asks.  As neither party has asked to have a simple judgment that the plaintiffs are not entitled to a recovery of the property, which is the only one I am authorized to give, I shall at present only deny the defendant's motion.